**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

**IN RE:**

**JSMITH CIVIL, LLC,**

**DEBTOR.**

**CASE NO. 23-02734-5-JNC**
**CHAPTER 11**

**JSMITH CIVIL, LLC,**

***Plaintiff,***

**vs.**

**SECOND WIND CONSULTANTS, INC.,**

***Defendants.***

**AP NO. 25-00159-5-JNC**

**MOTION FOR ENTRY OF DEFAULT**

**NOW COMS** Debtor-Plaintiff JSMITH CIVIL, LLC ("Plaintiff," "Debtor," or "JSC"), by and through undersigned counsel of record, and pursuant to Fed. R. Civ. P. 55(a) and hereby moves for entry of default against Defendant SECOND WIND CONSULTANTS, INC. ("Defendant") in the above-captioned adversary proceeding for failure to answer or otherwise respond to the Complaint [D.E. 1]. In support hereof, the Debtor shows unto the Court as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334, and it is a "core proceeding" because it seeks determination, avoidance and recovery of preferences and/or constructively fraudulent transfers, id. § 157(b)(2)(F), arises in and concerns matters affecting the administration of estate in the above-captioned bankruptcy case, see id. §157(b)(2)(A), and affects rights duly established under the Bankruptcy Code. Id. §157(b)(2)(O).

2. This Court has jurisdiction to enter a final and dispositive Order in this matter and possesses the requisite authority to hear this matter and grant the relief requested by the Debtor herein, pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

3. The Debtor, a limited liability company organized and existing under the laws of the State North Carolina, filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on September 19, 2023 (the "Petition Date"), BK Case No. 23-02734-5-JNC (the "Bankruptcy Case").

4. Post-petition, on September 11, 2025, the above-captioned adversary proceeding was commenced by the Debtor against Defendant, through the filing of the Complaint [D.E. 1] seeking the following:

A. Avoidance and recovery of payments and transfers from the Debtor totaling $287,000.00, as constructively fraudulent transfers pursuant to §§ 544, 547(b), 548 and 550 of the Bankruptcy Code and the Uniform Voidable Transactions Act, N.C. Gen. Stat. § 39-23.1, *et seq*. (the "UVTA").

B. Turnover and recovery of the sum of at least $247,000.00, as "property of the estate" pursuant to § 542 of the Bankruptcy Code; and

C. Actual, compensatory, and treble damages, and reasonable attorneys' fees, costs, and expenses for fraud, conversion, trespass to chattels, negligent misrepresentation, and violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq*. (the "UDTPA").

The Clerk of the United States Bankruptcy Court for the Eastern District of North Carolina (the "Clerk of Court"), issued a Summons in an Adversary Proceeding [D.E. 2] (the "Summons") on September 11, 2025.

5. Copies of the Summons and the Complaint, issued and filed in the above-

captioned adversary proceeding, were placed in an envelope, and deposited with the United Parcel Service ("UPS") for overnight mail delivery via UPS 2nd Day Air®, properly addressed as follows:

| **Addressee** | **UPS Tracking No.** |
| --- | --- |
| Second Wind Consultants, Inc.<br>Attn: Aaron Samuel Todrin, Reg. Agent<br>47 Pleasant Street<br>Northampton, Massachusetts 01060 | 1Z4WV5000220798748 |

6. The Summons and the Complaint were, in fact, served upon (and received by) Defendant on September 17, 2025, as evidenced by the Declaration of Service [D.E. 3], a copy of which is attached hereto as **EXHIBIT 1** and incorporated herein by reference.

7. Rule 7012(a) of the Federal Rules of Bankruptcy Procedure, governing the time within which a party is required to serve a responsive pleading, provides that "[i]f a complaint is duly served, the defendant shall serve an answer within thirty (30) days after the issuance of the summons, except when a different time is prescribed by the court." Fed. R. Bankr. P. 7012(a).[1]

---

[1] Rule 12(a) of the Federal Rules of Civil Procedure, however, provides as follows:

> **(1) In General.** Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:
>
> (A) A defendant must serve an answer:
>
> (i) within 21 days after being served with the summons and complaint; or
>
> (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

8. In accordance with Fed. R. Bankr. P. 7012(a), the deadline by which Defendant was required to answer or otherwise respond to the Complaint was October 13, 2025, which is thirty (30) days from issuance of the Summons, see Fed. R. Bankr. P. 9006(a) (computing time period, when stated in days, to exclude the day that triggers the period, and ensuring that the last day of the period a next calendar day if the last day is a Saturday, Sunday or legal holiday).[2]

9. Notwithstanding the foregoing requirements of, and its obligations under Fed. R. Bankr. P. 7012(a), Defendant has not answered or otherwise responded to the Complaint.

10. Rule 55(a) of the Federal Rules of Civil Procedure—made applicable to the above-captioned adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure—directs that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk ***must enter*** the party's default." Fed. R. Civ. P. 55(a) (emphasis added).

11. Defendant is a corporate entity and, as such, is not an infant, incompetent, nor subject to any disability and is not currently in military service.[3]

---

Fed. R. Civ. P. 12(a)(1)(A).

[2] The thirtieth (30) day following issuance of the Summons was October 11, 2025, however, that was a Saturday, so in accordance with Fed. R. Bankr. P. 9006(a), the deadline for answering or otherwise responding to the Complaint was October 13, 2025.

[3] The term "military service" includes the following: active duty service as a member of the United States Army, Navy, Air Force, Marine Corps, or Coast Guard; service as a member of the National Guard under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days for

12. The time within which Defendant was required to answer or otherwise respond to the allegations advanced by the Debtor in the Complaint has expired and, therefore, Defendant is subject to entry of default in accordance with Fed. R. Civ. P. 55.

**WHEREFORE**, based upon the foregoing, and pursuant to Fed. R. Civ. P. 55(a), made applicable to the above-captioned adversary proceeding by Fed. R. Bankr. P. 7055, the Debtor hereby requests that Entry of Default be made against Defendant in the above-captioned matter, and such further relief as is necessary and proper.

Respectfully submitted this, the 20th day of October, 2025.

**BUCKMILLER & FROST, PLLC**

BY: s/Joseph Z. Frost

JOSEPH Z. FROST
NCSB No. 44387
jfrost@bbflawfirm.com

4700 Six Forks Road, Suite 150
Raleigh, North Carolina 27609
T: (919) 296-5040
F: (919) 977-7101

Counsel for Debtor-Plaintiff JSmith Civil, LLC

purposes of responding to a national emergency; active service as a commissioned officer of the Public Health Service or of the National Oceanic and Atmospheric Administration; any period of service during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause. 50 U.S.C. § 3911(2).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is, and at all times hereinafter mentioned was, more than eighteen (18) years of age, that on this day, a true and accurate copy of the foregoing **MOTION FOR ENTRY OF DEFAULT**, was electronically filed utilizing the CM/ECF system, with copy placed in an envelope, and deposited with the United States Postal Service for mailing via first-class mail delivery, properly addressed as follows:

Second Wind Consultants, Inc.
Attn: Aaron Samuel Todrin, Reg. Agent
47 Pleasant Street
Northampton, Massachusetts 01060

Executed this, the 20th day of October, 2025.

s/Joseph Z. Frost
JOSEPH Z. FROST
NCSB No. 44387
jfrost@bbflawfirm.com
BUCKMILLER & FROST, PLLC
4700 Six Forks Road, Suite 150
Raleigh, North Carolina 27609