**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

| | |
|---|---|
| In re:<br><br>JSMITH CIVIL, LLC,<br><br>Debtor. | Case No. 23-02734-5-JNC<br>CHAPTER 11 |
| JSMITH CIVIL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SECOND WIND CONSULTANTS, INC.,<br><br>Defendant. | AP No. 25-00159-5-JNC |

**DEFENDANT SECOND WIND CONSULTANT, INC.'S**
**MOTION TO SET ASIDE ENTRY OF DEFAULT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(c)**

Pursuant to Federal Rule of Civil Procedure 55(c), made applicable to this adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Defendant Second Wind Consultants, Inc. (hereinafter, "**Second Wind**" or the "**Defendant**"), respectfully moves this Court (the "**Motion**") for an order (the "**Proposed Order**") substantially in the form attached hereto as **Exhibit A**, vacating and setting aside the *Entry of Default* (ECF No. 5) (the "**Entry of Default**"), dated October 22, 2025. In support of this Motion, Defendant relies upon the *Declaration of Aaron Todrin in Support of Defendant Second Wind Consultant, Inc.'s Motion to Set Aside Entry of Default Pursuant To Federal Rule Of Civil Procedure 55(c)* (the "**Todrin Declaration**") attached hereto as **Exhibit B** and respectfully states as follows:

## I. Background

1. Plaintiff JSmith Civil, LLC, (the "**Plaintiff**") initiated this action by filing a complaint (the "**Complaint**") on September 11, 2025 (ECF No. 1), in the U.S. Bankruptcy Court for the Eastern District of North Carolina (the "**Court**") and, on that same day, the Clerk of Court issued a summons in this adversary proceeding (the "**Summons**") (ECF No. 2). Pursuant to the Summons, Defendant was directed to answer or otherwise respond to the Complaint within thirty (30) days of issuance.

2. On October 20, 2025, the Plaintiff filed a *Declaration of Service* (ECF No. 3), stating that the Complaint and Summons were sent via overnight mail and first-class mail on September 15, 2025, and were received by Defendant on September 16, 2025.

3. On that same day, Plaintiff filed the *Motion for Entry of Default* (ECF No. 4).

4. On October 22, 2025, the Clerk entered the *Entry of Default* against Defendant pursuant to Bankruptcy Rule 7055 (ECF No. 5).

5. Shortly after service of the Complaint, on September 20, 2025, Aaron Todrin, the President, Secretary and Treasurer of Second Wind, notified the company's insurer (the "**Insurance Company**") to ascertain whether the Insurance Company would defend and indemnify Second Wind in this adversary proceeding. Todrin Dec., ¶ 7.

6. On October 22, 2025, the Insurance Company advised Second Wind that it would neither defend nor indemnify Second Wind for this matter. Todrin Dec., ¶ 8.

7. On October 16, 2025, Aaron Todrin's father-in-law passed away, and he was required to attend to family matters related to his passing which further delayed Second Wind's response to the Complaint in this matter until he returned to office. Todrin Dec., ¶ 9.

8. On October 24, 2025, Aaron Todrin promptly, on behalf of Second Wind, retained White and Williams LLP ("**W&W**") as counsel in this matter. Todrin Dec., ¶ 10.

9. On that same day, Second Wind, through counsel, advised the Plaintiff of this engagement and requested an agreement to set aside the *Entry of Default* and an extension of thirty (30) days for Second Wind to respond to the Complaint. At that time, W&W advised Plaintiff of the foregoing reasons for Second Wind's inability to respond to the Complaint within thirty (30) days of service. Todrin Dec., ¶ 11.

10. The Plaintiff has asserted that they will not consent to the setting aside the *Entry of Default*. Todrin Dec., ¶ 12. Moreover, Plaintiff asserted that W&W had a conflict with representing Second Wind in this matter. W&W advised Plaintiff's counsel that it was not engaged by the Plaintiff and never represented the Plaintiff and thus, there was no known conflict with representing Second Wind in this matter. The Plaintiff did not provide any further explanation or response despite several follow up requests by W&W for further explanation as to the basis of the asserted conflict.

11. Accordingly, Second Wind submits this Motion requesting the Court set aside the *Entry of Default* permitting Second Wind to file the *Answer and Affirmative Defenses of Second Wind Consultants Inc. to Debtor's Complaint* attached hereto as **Exhibit C**.

## II. Relief Requested

12. Federal Rule of Civil Procedure 55(c) provides that a court may set aside a default for "good cause shown." Fed. R. Civ. P. 55(c). The defendant bears the burden of showing that relief from default is warranted. *See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922 at 926 (9th Cir. 2004). When deciding whether to set aside an entry of default, the Court should consider the following factors: (1) whether the moving party has a meritorious

defense; (2) whether the moving party acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the nonmoving party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic. *Martinez v. Truist Bank*, 2023 U.S. Dist. LEXIS 185350, at *1 (D.S.C. Oct. 16, 2023) (*quoting Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)). "The Fourth Circuit has 'repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.'" *Fort v. Branch Banking and Tr. Co.* (*In re JAT, Inc.*), 2016 Bankr. LEXIS 841, 2016 WL 1049166, at *5 (Bankr. D.S.C. Mar. 15, 2016) (*quoting Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420-21 (4th Cir. 2010)). Each factor will be discussed in turn.

i. *Second Wind has Set Forth Meritorious Defenses.*

13. First, Second Wind has several meritorious defenses in the present litigation. Importantly, "[t]he standard for showing a meritorious defense is not high and requires merely 'some possibility' of a result in [the defaulting party's] favor at trial." *Id*. (*citing Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988); *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)). Here, Defendant has several meritorious defenses, as asserted in *Answer and Affirmative Defenses of Second Wind Consultants Inc. to Debtor's Complaint* attached hereto as **Exhibit C**, including, but not limited to, Second Wind provided services of reasonably equivalent to the payments sought by Plaintiff to be avoided and turned over pursuant to sections 542 and 548 of the Bankruptcy Code and related claims. Accordingly, this factor weighs in favor of granting the Motion.

ii. *Second Wind has Acted with Reasonable Promptness to Set Aside the Entry of Default.*

14. Second, Second Wind has acted with reasonable promptness by filing the present Motion. "Whether a party has taken 'reasonably prompt' action, of course, must be gauged in light of the facts and circumstances of each occasion[.]" *Id*. (*quoting Moradi*, 673 F.2d at 727). However, "District courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside." *Burton v. The TJX Cos., Inc.*, 2008 U.S. Dist. LEXIS 35839, at *3 (E.D. Va. May 1, 2008) (citing cases).

15. Here, Second Wind acted with reasonable promptness in this matter, resulting in the filing of this Motion twenty-one (21) days after the *Entry of Default*. Rather, shortly after becoming aware of this litigation on or about September 16, 2025, Second Wind immediately started the process of retaining counsel by taking the initial step of determining whether any claims or causes of action in this case would be defended or indemnified by Second Wind's insurance company. *See* Todrin Decl., ¶¶ 7-8. It was not until after the Plaintiff filed its *Motion for Entry of Default* did Second Wind receive an answer from its insurance company denying that it would defend in this present case. *Id.*

16. Second Wind is well-within the range of reasonableness by reaching out to the Plaintiff ***two days*** after *Entry of Default* to request a consensual resolution and, only after the request was denied, by promptly filing this Motion twenty-one (21) days after the *Entry of Default*. Todrin Decl., ¶¶ 10-12. Thus, this factor weighs in favor of granting the Motion.

iii. *Second Wind's Responsibility for Failing to Timely Answer Does Not Warrant Denial of the Motion.*

17. Third, although Second Wind bears some responsibility for filing to timely respond to the Complaint, Second Wind has justifiable reasons for such delay and, following the engagement of counsel, has corresponded with Plaintiff's counsel every day until the filing of this Motion. As stated in *Fort v. Branch Banking & Tr. Co. (In re JAT, Inc.)*, 2016 Bankr. LEXIS 841, at *16-17 (Bankr. D.S.C. Mar. 16, 2016):

> The "good cause" standard to set aside an entry of default is more forgiving of a defaulting party's mistake. *Colleton Preparatory Acad.*, 616 F.3d at 420 (finding "good cause" for Rule 55(c) purposes even though the defaulting party "admitted to its mishandling of process, and offered some explanation"). Additionally, no single factor is to be given disproportionate weight in this analysis. *Werner*, 731 F.2d at 207. Therefore, any responsibility by [the defendant] for an honest, albeit negligent mistake is not dispositive of the Court's determination here.

18. Following the *Entry of Default*, on October 16, 2025, Aaron Todrin, who is overseeing Second Wind's defense in this matter, had his father-in-law pass away, and he was required to attend to family matters related to his passing which further delayed Second Wind's response to the Complaint in this matter until he returned to office. *Id.*, ¶ 9. Immediately upon his return, Mr. Todrin promptly engaged undersigned counsel for this matter who, in turn, reached out to Plaintiff's counsel to request an agreement to set aside the *Entry of Default* and an extension of thirty (30) days for Second Wind to respond to the Complaint. *Id.*, ¶ 10-11. At that time, Plaintiff was also advised of the reasons for Second Wind's failure to respond to the complaint set forth herein. *Id.*

19. Here, given the balance of factors weighing in favor of setting aside the default, Second Wind's responsibility for failing to timely respond to the Complaint does not warrant denial of the Motion.

iv. *Setting Aside the Entry of Default Does Not Prejudice the Plaintiff*.

20. Fourth, setting aside the Entry of Default would not be prejudicial to Plaintiff in this litigation. "[T]he fact of delay in the litigation, in and of itself, is not a sufficient basis for establishing prejudice to prevent the setting aside of an entry of default." *In re Brewer*, 2017 Bankr. LEXIS 4742, at *9 (Bankr. D.S.C. Feb. 21, 2017) (*citing Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (plaintiff's delay in recovering if a default is set aside and a trial held is not a sufficient basis to establish prejudice). Rather, to constitute sufficient prejudice, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson v. Am. Home Assur. Co*., 95 F.3d 429, 433-34 (6th Cir. 1996)). Merely "being forced to litigate on the merits" is not prejudicial. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds.*

21. Plaintiff has suffered no tangible harm that would justify maintaining the Entry of Default. The delay caused by setting aside the Entry of Default does not result in loss of evidence, difficulties in discovery, or increased risk of fraud or collusion. Instead, the only consequence of setting aside the Entry of the Default is that Defendant will have the opportunity to litigate on the merits, which does not constitute prejudice under the law. Plaintiff has not offered any basis that allowing Second Wind to submit its *Answer* a few weeks after the deadline somehow amounts to the type of prejudice required to deny Second Wind's request here. Therefore, this factor weighs in favor of granting the Motion.

v. *Second Wind Does Not Have a History of Dilatory Action*.

22. Fifth, Second Wind has not engaged in a history of dilatory action. "Dilatory" means (1) "[d]esigned or tending to cause delay", or (2) "[g]iven to or characterized by tardiness." Dilatory, Black's Law Dictionary (11th ed. 2019). "When considering a party's history of dilatory

action, the proper focus for the Court's analysis is the defaulting party's actions in connection with the procedural issue before the Court, not the allegations that go to the merits of the case." *Piel v. World Omni Fin. Corp. (In re Piel),* 655 B.R. 93, 100 (Bankr. D.S.C. 2023) (internal citations omitted). Second Wind has no history of dilatory action in this case, and it has acted reasonably promptly in seeking relief from entry of default. Further, there is no evidence that Second Wind has deliberately sought to delay these proceedings. Accordingly, this factor weighs in favor of granting the Motion.

vi. *Availability of Less Drastic Sanctions*

23. Second Wind maintains that no sanctions are warranted, given the prompt filing of this Motion following Entry of Default. Therefore, less drastic sanctions than default are likely unavailable to the Plaintiff. *See In re JAT, Inc.,* 2016 Bankr. LEXIS 841, at *6 ("[S]anctions of a less drastic nature" may include "payment of costs [and] attorneys' fees[.]" (*quoting Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 921 (4th Cir. 1982)). However, the award of attorney fees, to the extent they are recoverable, will be considered as part of the damages due Plaintiff if they prevail on their causes of action at trial.

24. Therefore, because a review of all of the foregoing factors in light of "[t]he Fourth Circuit's 'strong preference . . . that claims and defenses be disposed of on their merits'" supports the setting aside of the *Entry of Default*, the Motion should be granted. *In re JAT, Inc*., 2016 Bankr. LEXIS 841, at *14 (*quoting Colleton Preparatory Acad.*, 616 F.3d at 420-21). **WHEREFORE**, Defendant Second Wind Consultants, Inc., respectfully requests that this Court grant the Motion and enter the attached Order setting aside the Entry of Default.

Dated: November 13, 2025

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ PC**

*<u>/s/ Jill C. Walters</u>*
Jill C. Walters
NC State Bar No. 37121
2235 Gateway Access Point, Suite 220
Raleigh, North Carolina 27607
Telephone: 984-844-7919
Email: jwalters@bakerdonelson.com

*Local Civil Rule 83.1(d) Counsel for Second Wind Consultants, Inc.*

-and-

**WHITE AND WILLIAMS LLP**

Heidi J. Sorvino
810 Seventh Ave., Suite 500
New York, NY 10019
Telephone: (212) 244-9500
Email: sorvinoh@whiteandwilliams.com

*Attorneys for Second Wind Consultants, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I am, at all times relevant times have been, more than eighteen (18) years of age, and that on this 13th day of November, 2025, I served a copy of Defendant Second Wind Consultant, Inc.'s Motion To Set Aside Entry Of Default Pursuant To Federal Rule Of Civil Procedure 55(c)to Set Aside Entry of Default and to Extend the Deadline to File an Answer by depositing a copy thereof in the United States Mail, First Class, postage prepaid and/or by electronic means through the court's CM/ECF service on the following parties:.

JSmith Civil, LLC
PO Box 857
Goldsboro, NC 27530

Joseph Zachary Frost (Via CM/ECF)
*Attorney for Debtor*

United States Bankruptcy Administrator – EDNC (Via CM/ECF)

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ PC**

*/s/ Jill C. Walters*
Jill C. Walters
NC State Bar No. 37121
2235 Gateway Access Point, Suite 220
Raleigh, North Carolina 27607
Telephone: 984-844-7919
Email: jwalters@bakerdonelson.com

*Local Civil Rule 83.1(d) Counsel for Second Wind Consultants, Inc.*