# Exhibit B

## Declaration

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

| | |
|---|---|
| In re:<br><br>JSMITH CIVIL, LLC,<br><br>Debtor. | Case No. 23-02734-5-JNC<br>CHAPTER 11 |
| JSMITH CIVIL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SECOND WIND CONSULTANTS, INC.,<br><br>Defendant. | AP No. 25-00159-5-JNC |

**DECLARATION OF AARON TODRIN IN SUPPORT OF DEFENDANT SECOND WIND CONSULTANT, INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(c)**

I, Aaron Todrin, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information and belief:

1. I am the President, Secretary and Treasurer at Second Wind Consultants, Inc. ("**Second Wind**"), a financial advisory, and business turnaround services firm that maintains offices located 47 Pleasant St., Northampton, Massachusetts 01060. I submit this declaration in support of *Defendant Second Wind Consultant, Inc.'s Motion to Set Aside Entry Of Default Pursuant To Federal Rule Of Civil Procedure 55(c)* (the "**Motion**")[1], wherein Second Wind requests that this Court enter an Order setting aside the *Entry of Default* (ECF No. 5) against Second Wind on October 22, 2025.

---

[1] Capitalized terms used, but not defined herein shall have the meanings ascribed to such terms in the Motion.

2. The statements in this Declaration are, except where specifically noted, based on my personal knowledge or from my review of the books and records of Second Wind maintained in the ordinary course of Second Wind's business. I am authorized to submit this declaration on behalf of Second Wind.

3. Plaintiff JSmith Civil, LLC, (the "**Plaintiff**") initiated this action by filing a complaint (the "**Complaint**") on September 11, 2025 (ECF No. 1), in the U.S. Bankruptcy Court for the Eastern District of North Carolina (the "**Court**") and, on that same day, the Clerk of Court issued a summons in this adversary proceeding (the "**Summons**") (ECF No. 2). Pursuant to the Summons, Defendant was directed to answer or otherwise respond to the Complaint within thirty (30) days of issuance.

4. On October 20, 2025, the Plaintiff filed a *Declaration of Service* (ECF No. 3), stating that the Complaint and Summons were sent via overnight mail and first-class mail on September 15, 2025, and were received by Defendant on September 16, 2025.

5. On October 20, 2025, that same day, Plaintiff filed the *Motion for Entry of Default* [ECF No. 4].

6. On October 22, 2025, the Clerk entered the *Entry of Default* against Defendant pursuant to Bankruptcy Rule 7055 [ECF No. 5].

7. Shortly after service of the Complaint, on September 20, 2025, Second Wind notified its insurance company (the "**Insurance Company**") to ascertain whether the insurance company would defend and indemnify Second Wind in this adversary proceeding.

8. I had hoped the Insurance Company would handle the defense of this action; however, on October 22, 2025, the Insurance Company advised me in writing that it would neither defend nor indemnify Second Wind for this matter.

9. On October 16, 2025, my father-in-law passed away, and I was required to attend to family matters related to his passing which further delayed Second Wind's response to the Complaint in this matter until I returned to office.

10. On October 24, 2025, I promptly, on behalf of Second Wind, retained White and Williams LLP as counsel in this matter.

11. On that same day, Second Wind, through counsel, advised the Plaintiff of this engagement and requested an agreement to set aside the *Entry of Default* and an extension of thirty (30) days for Second Wind to respond to the Complaint. At that time, Plaintiff was also advised of the reasons for Second Wind's failure to respond to the complaint set forth herein.[2]

12. The Plaintiff has indicated that they will not consent to setting aside the *Entry of Default* and have necessitated Defendant's filing of the Motion and seeking relief from the Court.

[*Signature page follows.*]

---

[2] Copies of the communications between counsel are not attached but can be made available to the Court for review upon request.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ____ day of November, 2025.

______________________________
Aaron Todrin, Declarant