**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

| | |
|---|---|
| In re:<br><br>JSMITH CIVIL, LLC,<br><br>Debtor. | Case No. 23-02734-5-JNC<br>CHAPTER 11 |
| JSMITH CIVIL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SECOND WIND CONSULTANTS, INC.,<br><br>Defendant. | AP No. 25-00159-5-JNC |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**SECOND WIND CONSULTANTS INC. TO DEBTOR'S COMPLAINT**

Defendant Second Wind Consultants, Inc. ("**Second Wind**" or "**Defendant**"), by and through its counsel, for its Answer to the *Complaint* [ECF No. 1] filed by the above-captioned debtor (the "**Debtor**" or "**Plaintiff**") states the following:

## INTRODUCTION AND NATURE OF THE ACTION

1. Admitted in part; denied in part. Second Wind admits only that the Plaintiff filed the Complaint seeking certain relief as set forth in the Complaint. The remaining allegations of Paragraph 1 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 1, which are therefore denied.

**JURISDICTION AND AUTHORITY**

2. Denied. The allegations of Paragraph 2 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 2, which are therefore denied.

3. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, which are therefore denied.

4. Denied. The allegations of Paragraph 4 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 4, which are therefore denied.

5. Denied. The allegations of Paragraph 5 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 5, which are therefore denied.

6. Denied. The allegations of Paragraph 6 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 6, which are therefore denied.

7. Denied. The allegations of Paragraph 7 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 7, which are therefore denied.

8. Denied. The allegations in Paragraph 8 are redundant to those in Paragraph 4 and, therefore, require no additional response. Further, the allegations of Paragraph 8 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 8, which are therefore denied.

## IDENTIFICATION OF THE PARTIES

9. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, which are therefore denied.

10. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, which are therefore denied.

11. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, which are therefore denied.

12. Admitted in part; denied in part. Second Wind admits only that it is a corporation formed and existing under the laws of the Commonwealth of Massachusetts. Second Wind denies that the balance of the allegations in Paragraph 12.

13. Admitted in part; denied in part. Second Wind admits only that, at certain times, Second Wind provides non-bankruptcy workout, resolution and restructuring services. Second Wind denies the balance of the allegations in Paragraph 13.

14. Denied. Second Wind works with business facing financial distress to resolve debts through out-of-court processes, which may include sales under Article 9 of the Uniform Commercial Code; however, Second Wind does not participate in unilateral or unauthorized transfer of assets through "sham" sales.

15. Admitted.

16. Admitted.

## FACTUAL ALLEGATIONS

17. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, which are therefore denied.

18. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, which are therefore denied.

19. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, which are therefore denied.

20. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, which are therefore denied.

21. Admitted in part; denied in part. Second Wind admits only that, at certain times, Second Wind provided advisory services to the Debtor. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 21, which are therefore denied.

22. Admitted in part; denied in part. Second Wind admits only that Second Wind entered into the Business Consulting Agreement attached as Exhibit 1 to the Complaint to provide the services to the Debtor in accordance with the terms therein. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 22, which are therefore denied.

23. Admitted in part; denied in part. Second Wind admits only that Second Wind entered into the Business Consulting Agreement attached as Exhibit 1 to the Complaint to provide the services to the Debtor in accordance with the terms therein. Second Wind is without

knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 23, which are therefore denied.

24. Admitted in part; denied in part. Second Wind admits only that Second Wind entered into the Business Consulting Agreement attached as Exhibit 1 to the Complaint to provide the services to the Debtor in accordance with the terms therein. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 24, which are therefore denied.

25. Admitted in part; denied in part. Second Wind admits only that Second Wind entered into the Business Consulting Agreement attached as Exhibit 1 to the Complaint to provide the services to the Debtor in accordance with the terms therein. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 25, which are therefore denied.

26. Admitted in part; denied in part. Second Wind admits only that Jared Nugent and Jeff Chaisson were individuals that had contact with the Debtor. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 26, which are therefore denied.

27. Admitted.

28. Admitted in part; denied in part. Second Wind admits only that, at certain times, Second Wind conducted business with the Debtor on account of which the Debtor is indebted to Second Wind. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 28, which are therefore denied.

29. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, which are therefore denied.

30. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, which are therefore denied.

31. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, which are therefore denied.

32. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, which are therefore denied.

33. Denied. The allegations of Paragraph 33 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 33, which are therefore denied.

34. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, which are therefore denied.

35. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, which are therefore denied.

36. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, which are therefore denied.

37. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, which are therefore denied.

38. Denied. The allegations of Paragraph 38 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 38, which are therefore denied.

39. Admitted in part; denied in part. Second Wind admits only that, at certain times,

Second Wind conducted business with the Debtor on account of which the Debtor is indebted to Second Wind. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 39, which are therefore denied.

40. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, which are therefore denied.

41. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, which are therefore denied.

42. Admitted in part; denied in part. Second Wind admits only that Second Wind entered into the Business Consulting Agreement attached as Exhibit 1 to the Complaint to provide the services to the Debtor in accordance with the terms therein. Second Wind denies it failed to comply with any of the terms and obligations of the Business Consulting Agreement and therefore denies the remainder of the allegations of Paragraph 42.

43. Admitted in part; denied in part. Second Wind admits only that Second Wind entered into the Business Consulting Agreement attached as Exhibit 1 to the Complaint to provide the services to the Debtor in accordance with the terms therein. Second Wind denies it failed to comply with any of the terms and obligations of the Business Consulting Agreement and therefore denies the remainder of the allegations of Paragraph 43.

44. Admitted in part; denied in part. Second Wind admits only that Second Wind entered into the Business Consulting Agreement attached as Exhibit 1 to the Complaint to provide the services to the Debtor in accordance with the terms therein. Second Wind denies it failed to comply with any of the terms and obligations of the Business Consulting Agreement and therefore denies the remainder of the allegations of Paragraph 44.

45. Admitted in part; denied in part. Second Wind admits only that Second Wind

entered into the Business Consulting Agreement attached as Exhibit 1 to the Complaint to provide the services to the Debtor in accordance with the terms therein. Second Wind denies it failed to comply with any of the terms and obligations of the Business Consulting Agreement and therefore denies the remainder of the allegations of Paragraph 45.

46. Admitted in part; denied in part. Second Wind admits only that, in the course of providing services, Second Wind identified various options for the Debtor's consideration in order to address the Debtor's outstanding obligations, including sales of certain assets belonging to the Debtor. Second Wind denies it failed to comply with any of the terms and obligations of the Business Consulting Agreement and therefore denies the remainder of the allegations of Paragraph 46.

47. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, which are therefore denied.

48. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, which are therefore denied.

49. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, which are therefore denied.

50. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, which are therefore denied.

51. Admitted in part; denied in part. Second Wind admits only that Second Wind provided the letter attached as Exhibit 2 to the Complaint to terminate the contract between Second Wind and the Debtor. Second Wind denies it failed to comply with any of the terms and obligations of the Business Consulting Agreement and therefore denies the remainder of the allegations of Paragraph 51.

52. Admitted in part; denied in part. Second Wind admits only that it received a copy of the letter attached as Exhibit 3 to the Complaint. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 52, which are therefore denied.

53. Admitted in part; denied in part. Second Wind admits only that Second Wind entered into the Business Consulting Agreement attached as Exhibit 1 to the Complaint to provide the services to the Debtor in accordance with the terms therein. Second Wind denies it failed to comply with any of the terms and obligations of the Business Consulting Agreement and therefore denies the remainder of the allegations of Paragraph 53.

54. Admitted in part; denied in part. Second Wind admits only that Second Wind entered into the Business Consulting Agreement attached as Exhibit 1 to the Complaint to provide the services to the Debtor in accordance with the terms therein and received $287,000.00 for the services provided to the Debtor. Second Wind denies it failed to comply with any of the terms and obligations of the Business Consulting Agreement and therefore denies the remainder of the allegations of Paragraph 54.

55. Denied. The allegations of Paragraph 55 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 55, which are therefore denied.

56. Denied. The allegations of Paragraph 56 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 56, which are therefore denied.

57. Admitted in part; denied in part. Second Wind admits only that Second Wind entered into the Business Consulting Agreement attached as Exhibit 1 to the Complaint to provide the services to the Debtor in accordance with the terms therein. Second Wind denies it failed to comply with any of the terms and obligations of the Business Consulting Agreement and therefore denies the remainder of the allegations of Paragraph 57.

58. Admitted in part; denied in part. Second Wind admits only that Second Wind entered into the Business Consulting Agreement attached as Exhibit 1 to the Complaint to provide the services to the Debtor in accordance with the terms therein. Second Wind denies it failed to comply with any of the terms and obligations of the Business Consulting Agreement and therefore denies the remainder of the allegations of Paragraph 58.

59. Admitted in part; denied in part. Second Wind admits only that it received a copy of the letter attached as Exhibit 4 to the Complaint. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 59, which are therefore denied.

60. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, which are therefore denied.

61. Denied. The allegations of Paragraph 61 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 61, which are therefore denied.

**FIRST CLAIM FOR RELIEF**
**Turnover of Property of the Estate**
**[11 U.S.C. § 542]**

62. Second Wind incorporates by reference the responses contained in all of the preceding paragraphs as if the same were set forth herein at length.

63. Denied. The allegations of Paragraph 63 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 63, which are therefore denied.

64. Denied. The allegations of Paragraph 64 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 64, which are therefore denied.

65. Denied. The allegations of Paragraph 65 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 65, which are therefore denied.

66. Denied. The allegations of Paragraph 66 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 66, which are therefore denied.

67. Denied. The allegations of Paragraph 67 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief

as to the truth of the balance of the allegations in Paragraph 67, which are therefore denied.

68. Denied. The allegations of Paragraph 68 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 68, which are therefore denied.

69. Denied. The allegations of Paragraph 69 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 69, which are therefore denied.

70. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, which are therefore denied.

71. Denied. The allegations of Paragraph 71 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 71, which are therefore denied.

72. Denied. The allegations of Paragraph 72 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 72, which are therefore denied.

73. Denied. The allegations of Paragraph 73 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 73, which are therefore denied.

74. Denied. The allegations of Paragraph 74 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 74, which are therefore denied.

**SECOND CLAIM FOR RELIEF**
**Avoidance of Constructively Fraudulent Transfers**
**[11 U.S.C. §§ 544 and 548; N.C. Gen Stat. § 39-23 *et seq*.]**

75. Second Wind incorporates by reference the responses contained in all of the preceding paragraphs as if the same were set forth herein at length.

76. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, which are therefore denied.

77. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, which are therefore denied.

78. Denied. The allegations of Paragraph 78 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 78, which are therefore denied.

79. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, which are therefore denied.

80. Denied. The allegations of Paragraph 80 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 80, which are therefore denied.

81. Denied. The allegations of Paragraph 81 present legal conclusions and questions

of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 81, which are therefore denied.

82. Denied. The allegations of Paragraph 82 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 82, which are therefore denied.

83. Denied. The allegations of Paragraph 83 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 83, which are therefore denied.

84. Denied. The allegations of Paragraph 84 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 84, which are therefore denied.

85. Denied. The allegations of Paragraph 85 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 85, which are therefore denied.

86. Denied. The allegations of Paragraph 86 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 86, which are therefore denied.

87. Denied. The allegations of Paragraph 87 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 87, which are therefore denied.

88. Denied. The allegations of Paragraph 88 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 88, which are therefore denied.

89. Denied. The allegations of Paragraph 89 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 89, which are therefore denied.

90. Denied. The allegations of Paragraph 90 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 90, which are therefore denied.

91. Denied. The allegations of Paragraph 91 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 91, which are therefore denied.

92. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, which are therefore denied.

93. Denied. Second Wind is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 93, which are therefore denied.

94. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, which are therefore denied.

95. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, which are therefore denied.

96. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, which are therefore denied.

97. Denied. The allegations of Paragraph 97 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 97, which are therefore denied.

98. Denied. The allegations of Paragraph 98 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 98, which are therefore denied.

## THIRD CLAIM FOR RELIEF
**Recovery and Preservation for the Benefit of the Estate**
**[11 U.S.C. § 550]**

99. Second Wind incorporates by reference the responses contained in all of the preceding paragraphs as if the same were set forth herein at length.

100. Denied. The allegations of Paragraph 100 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 100, which are therefore denied.

101. Denied. The allegations of Paragraph 101 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 101, which are therefore denied.

**FOURTH CLAIM FOR RELIEF**
**Conversion**

102. Second Wind incorporates by reference the responses contained in all of the preceding paragraphs as if the same were set forth herein at length.

103. Denied. The allegations of Paragraph 103 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 103, which are therefore denied.

104. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, which are therefore denied.

105. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, which are therefore denied.

106. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, which are therefore denied.

107. Denied. The allegations of Paragraph 107 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 107, which are therefore denied.

108. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, which are therefore denied.

109. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, which are therefore denied.

110. Denied. The allegations of Paragraph 110 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 110, which are therefore denied.

111. Denied. The allegations of Paragraph 111 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 111, which are therefore denied.

112. Denied. The allegations of Paragraph 112 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 112, which are therefore denied.

113. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, which are therefore denied.

114. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, which are therefore denied.

115. Denied. The allegations of Paragraph 115 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 115, which are therefore denied.

116. Denied. The allegations of Paragraph 116 present legal conclusions and questions

of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 116, which are therefore denied.

**FIFTH CLAIM FOR RELIEF**
**Trespass to Chattels**

117. Second Wind incorporates by reference the responses contained in all of the preceding paragraphs as if the same were set forth herein at length.

118. Denied. The allegations of Paragraph 118 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 118, which are therefore denied.

119. Denied. The allegations of Paragraph 119 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 119, which are therefore denied.

120. Denied. The allegations of Paragraph 120 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 120, which are therefore denied.

121. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, which are therefore denied.

122. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, which are therefore denied.

123. Denied. The allegations of Paragraph 123 present legal conclusions and questions

of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 123, which are therefore denied.

124. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, which are therefore denied.

125. Denied. The allegations of Paragraph 125 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 125, which are therefore denied.

126. Denied. The allegations of Paragraph 126 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 126, which are therefore denied.

127. Denied. The allegations of Paragraph 127 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 127, which are therefore denied.

128. Denied. The allegations of Paragraph 128 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 128, which are therefore denied.

129. Denied. The allegations of Paragraph 129 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a

response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 129, which are therefore denied.

130. Denied. The allegations of Paragraph 130 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 130, which are therefore denied.

131. Denied. The allegations of Paragraph 131 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 131, which are therefore denied.

132. Denied. The allegations of Paragraph 132 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 132, which are therefore denied.

## SIXTH CLAIM FOR RELIEF
**Violations of North Carolina Unfair and Deceptive Trade Practices Act**
**[N.C. Gen. Stat. § 75-1.1, *et seq.*]**

133. Second Wind incorporates by reference the responses contained in all of the preceding paragraphs as if the same were set forth herein at length.

134. Denied. The allegations of Paragraph 134 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 134, which are therefore denied.

135. Denied. The allegations of Paragraph 135 present legal conclusions and questions

of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 135, which are therefore denied.

136. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, which are therefore denied.

137. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, which are therefore denied.

138. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138, which are therefore denied.

139. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, which are therefore denied.

140. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, which are therefore denied.

141. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, which are therefore denied.

142. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, which are therefore denied.

143. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143, which are therefore denied.

144. Denied. The allegations of Paragraph 144 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 144, which are therefore denied.

145. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, which are therefore denied.

146. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146, which are therefore denied.

147. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, which are therefore denied.

148. Denied. The allegations of Paragraph 148 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 148, which are therefore denied.

149. Denied. The allegations of Paragraph 149 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 149, which are therefore denied.

150. Denied. The allegations of Paragraph 150 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 150, which are therefore denied.

## SEVENTH CLAIM FOR RELIEF
**Disallowance of Claim**
**[11 U.S.C. § 502]**

151. Second Wind incorporates by reference the responses contained in all of the preceding paragraphs as if the same were set forth herein at length.

152. Denied. The allegations of Paragraph 152 present legal conclusions and questions

of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 152, which are therefore denied.

153. Denied. Second Wind is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, which are therefore denied.

154. Denied. The allegations of Paragraph 154 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 154, which are therefore denied.

155. Denied. The allegations of Paragraph 155 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 155, which are therefore denied.

156. Denied. The allegations of Paragraph 156 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 156, which are therefore denied.

157. Denied. The allegations of Paragraph 157 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 157, which are therefore denied.

158. Denied. The allegations of Paragraph 158 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a

response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 158, which are therefore denied.

159. Admitted.

160. Denied. The allegations of Paragraph 160 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 160, which are therefore denied.

161. Denied. The allegations of Paragraph 161 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 161, which are therefore denied.

162. Denied. The allegations of Paragraph 162 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 162, which are therefore denied.

163. Denied. The allegations of Paragraph 163 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Second Wind is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 163, which are therefore denied.

## AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS

## FIRST AFFIRMATIVE DEFENSE

164. The relief requested in the Complaint should be denied for failure to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

165. The relief requested in the Complaint should be denied to the extent the Debtor(s) was solvent when any alleged transfer(s) were made and were not rendered insolvent by any of the alleged transfer(s).

**THIRD AFFIRMATIVE DEFENSE**

166. The relief requested in the Complaint should be denied to the extent: (i) the Plaintiff or the Debtor(s) objected to any claim filed by Second Wind, or (ii) Second Wind has a scheduled claim, a valid proof of claim, or is entitled to an administrative claim against the estates of the Debtor(s) or any affiliated Debtor(s); and Second Wind expressly reserves its rights to set-off any of its claims against the alleged transfer(s).

**FOURTH AFFIRMATIVE DEFENSE**

167. The relief requested in the Complaint should be denied to the extent Defendant is not an initial transferee, or the immediate or mediate transferee of such initial transferee.

**FIFTH AFFIRMATIVE DEFENSE**

168. The relief requested in the Complaint should be denied to the extent Defendant is a mere conduit or financial intermediary.

**SIXTH AFFIRMATIVE DEFENSE**

169. The relief requested in the Complaint should be denied to the extent that Debtor(s) assumed obligations to Defendant under an executory contract.

**SEVENTH AFFIRMATIVE DEFENSE**

170. The relief requested in the Complaint should be denied, in whole or part, to the extent the alleged Transfers are subject to the doctrine of recoupment.

**EIGHTH AFFIRMATIVE DEFENSE**

171. The relief requested in the Complaint should be denied to the extent that Defendant provided reasonably equivalent value for the alleged Transfers.

**NINTH AFFIRMATIVE DEFENSE**

172. The relief requested in the Complaint should be denied to the extent the Plaintiff lacks authorization and standing to pursue the relief requested in the Complaint on behalf of or in lieu of the Debtors.

**TENTH AFFIRMATIVE DEFENSE**

173. The relief requested in the Complaint should be denied in whole or in part to the extent that the Plaintiff's claims are barred by the doctrine of estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

174. The relief requested in the Complaint should be denied in whole or in part to the extent that the Plaintiff's claims are barred by the doctrine of waiver.

**TWELFTH AFFIRMATIVE DEFENSE**

175. The relief requested in the Complaint should be denied in whole or in part to the extent that the Plaintiff's claims are barred by the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

176. The relief requested in the Complaint should be denied to the extent that Plaintiff did not conduct the due diligence required as a condition precedent to seeking to avoid the Transfers.

**FOURTEENTH AFFIRMATIVE DEFENSE**

177. The relief requested in the Complaint should be denied in whole or in part to the extent that the Plaintiff's claims are barred by the statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Defendant hereby incorporates by reference all affirmative defenses set forth in Rule 8 of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

## RESERVATION OF DEFENSES

178. Second Wind gives notice that it intends to rely upon any other defenses that may become available or apparent during investigation and discovery and reserves the right to assert additional defenses and affirmative defenses, as they become known through investigation and discovery.

## RULE 7008 STATEMENT

179. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, Second Wind consents to the entry of a final order or judgment by the bankruptcy court.

WHEREFORE, Defendant respectfully requests the following relief from the Court:

(a) that the Complaint be dismissed as against Second Wind in its entirety, with prejudice;

(b) that any proof of claim filed by Defendant in the Debtors' bankruptcy cases be allowed and paid forthwith;

(c) that Defendant be awarded its attorneys' fees incurred in connection herewith, as well as the costs of suit and litigation expenses; and

(d) that Defendant have such other and further relief that this Court may deem just and proper.

Dated: February 17, 2026

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

*/s/ Heidi J. Sorvino*
Heidi J. Sorvino
810 Seventh Ave., Suite 500
New York, NY 10019
Telephone: (212) 244-9500
Email: sorvinoh@whiteandwilliams.com

*Counsel for Second Wind Consultants, Inc.*

-and-

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ PC**

*/s/ Jill C. Walters*
Jill C. Walters
NC State Bar No. 37121
2235 Gateway Access Point, Suite 220
Raleigh, North Carolina 27607
Telephone: 984-844-7919
Email: jwalters@bakerdonelson.com

*Local Civil Rule 83.1(d) Counsel for Second Wind Consultants, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF SECOND WIND CONSULTANTS INC. TO DEBTOR'S COMPLAINT using the CM/ECF system which will send electronic notification of such filing to the following:

JSmith Civil, LLC
PO Box 857
Goldsboro, NC 27530

Joseph Zachary Frost (***Via CM/ECF)***
Buckmiller & Frost, PLLC

*Attorney for Plaintiff*

Dated: February 17, 2026

**WHITE AND WILLIAMS LLP**

*/s/ Heidi J. Sorvino*
Heidi J. Sorvino
810 Seventh Ave., Suite 500
New York, NY 10019
Telephone: (212) 244-9500
Email: sorvinoh@whiteandwilliams.com

*Counsel for Second Wind Consultants, Inc.*

-and-

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ PC**

*/s/ Jill C. Walters*
Jill C. Walters
NC State Bar No. 37121
2235 Gateway Access Point, Suite 220
Raleigh, North Carolina 27607
Telephone: 984-844-7919
Email: jwalters@bakerdonelson.com

*Local Civil Rule 83.1(d) Counsel for Second Wind Consultants, Inc.*